OPINION
This is an accelerated calendar case submitted to this court on the record and the brief of appellant, State of Ohio. Appellant has timely appealed a decision of the Ashtabula County Court of Common Pleas dismissing a charge of escape that had been filed against appellee, Joseph Martello, based upon double jeopardy grounds. The following facts are relevant to a determination of this appeal.
On August 26, 1997, appellee was sentenced for a conviction of burglary and theft. He was given six months on each count to be served concurrently. On February 17, 1998, after serving his full sentence, appellee was released from custody and placed on post-release controls for a period of three years. As a condition of his post-release control, appellee was required to periodically report to his parole officer. Beginning February 24, 1999, appellee failed to report to his parole officer as previously ordered. On March 31, 1999, appellee was declared a "violator at large" by the Ohio Adult Parole Authority ("OAPA").
On October 27, 1999, appellee was taken into custody and, on October 29, 1999, appellee was indicted on one count of escape, in violation of R.C. 2921.34(A)(1), a third degree felony. On November 22, 1999, the OAPA determined that appellee had violated his post-release control sanction by failing to report to his parole officer on several occasions. Appellee was ordered by the OAPA to serve a ninety-one day term of incarceration.
On March 2, 2000, appellee filed a motion to dismiss the escape charge on the basis that it constituted double jeopardy due to the ninety-one-day sentence already handed down by the OAPA. The trial court conducted a hearing on March 27, 2000, and granted appellee's motion on April 5, 2000. The trial court determined that double jeopardy barred the prosecution of appellee on escape charges that stemmed from actions which had already resulted in a ninety-one-day prison sentence. The court relied heavily on a case decided by the Fourth District Court of Appeals, State v. Nutt (Sept. 16, 1999), Pickaway App. No. 98CA36, unreported.
The State of Ohio appealed the trial court's decision pursuant to R.C.2945.67, and has now raised a single assignment of error. Appellant claims that the trial court erred in granting appellee's motion to dismiss. Specifically, appellant argues that the state has the right to impose both a post-release control sanction, and to bring separate criminal charges against a person based upon the same conduct. In addressing this issue, we first note that the Supreme Court of Ohio has recently upheld the constitutionality of the post-release control statute, R.C. 2967.28. Woods v. Telb (2000), 89 Ohio St.3d 504.
The United States Supreme Court's latest pronouncement on the issue of the Double Jeopardy Clause of the United States Constitution occurred inHudson v. United States (1997), 522 U.S. 93. In Hudson, the court held that "the Double Jeopardy Clause does not prohibit the imposition of any additional sanction that could, `"in common parlance,"' be described as punishment * * *. The Clause protects only against the imposition of multiple criminal punishments for the same offense * * *." (Emphasissic.) (Citations omitted.) Id. at 98-99. The court further indicated that in determining whether a particular punishment is criminal or civil, a court should initially look to the legislative intent. However, even when the legislature has indicated an intention to establish a civil penalty, the court may still consider "`whether the statutory scheme was so punitive either in purpose or effect,' * * * as to `transform what was clearly intended as a civil remedy into a criminal penalty' * * *." (Citations omitted.) Id. at 99. Here, because the OAPA is an administrative body, the statute is prima facie evidence that the legislature intended the sanctions imposed to be civil in nature. See,Hudson, supra, at 103.
In the case sub judice, the trial court failed to use the test offered in Hudson but, instead, used an earlier pronouncement that was set forth in United States v. Halper (1989), 490 U.S. 435. (See State v. Goode
[Mar. 27, 1998], Miami App. No. 97-CA-14, unreported, 1998 WL 404026, for Judge Brogan's excellent analysis of this change in position that has occurred.) The trial court then relied on the Fourth District Court of Appeals' decision in Nutt, supra, which the court found had "a factual basis which is identical to the factual basis in the instant action."
Upon examination of the Nutt decision, we find it to be distinguishable on the basis that it involved Ohio's "bad time" law, as enacted in R.C.2967.11, instead of the post-release control statute.[1] The "bad time" law has no bearing on the present case. It involves a different statute which pertains to currently imprisoned offenders who misbehave while incarcerated. Their actions may or may not constitute separate crimes and the penalties imposed are more or less left to the discretion of the OAPA. In contrast, sanctions for post-release control violations are included as part of the original sentence. Hence, it is not accurate to conclude that the "bad time" and post-release control statutes are identical.
Subsequent to the trial court reaching its decision in the instant cause, a number of Ohio courts have had the opportunity to address the identical issue now before us. The first court to make a decision was the Twelfth District Court of Appeals in State v. Holder (June 12, 2000), Warren App. No. CA99-09-117, unreported, 2000 WL 745315, discretionary appeal dismissed by the Supreme Court of Ohio, 90 Ohio St.3d 1439. There, the defendant had been sanctioned to jail time for a post-release control violation, then subsequently indicted for escape. The court analogized the post-release control sanctions with parole and probation revocation to determine whether regulation by the OAPA was so punitive as to constitute criminal punishment. The court concluded that the sanctions were remedial in nature, despite the obvious punitive aspects. The court stated:
 "Appellant's post-release control sanction is an element of his original sentence, issued for his failure to comply with his post-release control conditions. R.C. 2967.11. The prison sentence was not imposed as punishment for appellant's conduct while under post-release control, but rather as a reinstatement of a term of his original sentence. * * * Accordingly, appellant was not placed in jeopardy for the offense of escape in the post-release control hearing." (Citations omitted.) Id. at 4.
 Subsequently, three other districts have followed the Twelfth District; State v. Wellbaum (Sept. 1, 2000), Champaign App. No. 2000-CA-5, unreported, 2000 Ohio App. LEXIS 3937 (Second District); State v. Jeter
(Sept. 13, 2000), Lorain App. No. 99CA007505, unreported, 2000 Ohio App. LEXIS 4137 (Ninth District); and State v. Hite (Dec. 14, 2000), Cuyahoga App. No. 77374, unreported, 2000 Ohio App. LEXIS 5876 (Eighth District). In Wellbaum, the Second District adopted the analysis of the Twelfth District, explaining:
 "Parole or probation, as well as post-release control, are `intended to foster the reintegration of the individual into society at the earliest opportunity.' [State ex rel. Flowers v. Dept. of Health (1978), 81 Wis.2d 376, 260 N.W.2d 727, 732]. If an individual is sent back to jail as a result of parole revocation, it is not punishment for the new crime, but a remedial measure reinstating his original sentence for the first crime committed. [State v. Hollis (May 15, 1997), Cuyahoga App. No. 70781, unreported, 1997 Ohio App. LEXIS 2119, at 12-13]; Flowers, supra. Any jail time served as a result of parole revocation is a `continuing consequence of the original conviction.' Flowers, 260 N.W.2d at 732. As explained by the [Supreme Court of Ohio], a period of post-release control, as well as any sanctions administered as a result of a violation, are also imposed by the trial court as part of the original sentence. [Woods v. Telb (2000), 89 Ohio St.3d 504] . Therefore, like with parole, any jail time imposed by the APA as a sanction for a post-release control violation is also a manner of serving the sentence for his original conviction." Id. at 10.
 Thus, the general rule is that when a defendant violates his post-release control and is sentenced to time in jail, that is considered reinstatement of a term of his original sentence. Hence, there is no violation of the Double Jeopardy Clause. See State v. Hathy (Apr. 20, 2001), Ashtabula App. No. 2000-A-0003, unreported. However, this case presents a factual predicate with one significant difference. Appellant had already served his full six- month original sentence prior to violating the terms of his post-release control. Thus, when he was sentenced to an additional ninety-one days, those days cannot be considered a mere reinstatement of a term of his original sentence because he already served his original sentence in its entirety. Instead, we hold that when a defendant is sentenced for a violation of his post-release control, and imposition of the sentence creates a situation where the defendant is forced to serve more than his original sentence, jeopardy attaches and precludes a conviction on the charge of escape.
Based upon the foregoing analysis, the trial court did not err in granting appellee's motion to dismiss, albeit for different reasons than those expressed. Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
_________________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
CHRISTLEY, J., NADER, J., concur.
[1] R.C. 2967.11 has since been declared unconstitutional. State exrel. Bray v. Russell (2000), 89 Ohio St.3d 132, 136.